

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00032-CV

---

TEXAS DEPARTMENT OF TRANSPORTATION, APPELLANT

V.

RUSSELL SMITHSON, APPELLEE

---

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-311120-19, Honorable J. Patrick Gallagher, Presiding

---

February 7, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Texas Department of Transportation ("TxDOT"), appeals from the trial court's *Final Judgment*.[1] The appellate record was due January 16, 2024. The clerk's record was filed by this deadline. However, the reporter's record remains outstanding because TxDOT has not paid for preparation of the record. By letter of January 29, 2024, TxDOT notified this Court that it "has made multiple attempts to make arrangements to

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

pay for the reporter's record as required by the rules, but the court reporters have refused to divulge their social security numbers on the Texas Comptroller's form that by law must be completed before payment can be issued." TxDOT has filed a motion in the trial court seeking to resolve the issue, "Defendant Texas Department of Transportation's Unopposed Motion to Require Reporter's Record," but the motion remains pending and a hearing has not been scheduled.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(1) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall, upon notice and hearing if necessary, 1) determine the status of the reporter's record in this cause, 2) determine what impediments, if any, delay the filing of the reporter's record, 3) determine the date on which the reporter's record can reasonably be filed, 4) rule upon any pending motions regarding the preparation of the reporter's record, and 5) issue written findings of fact addressing each of the foregoing matters. If the trial court determines that the official court reporter cannot complete and file the reporter's record with the Clerk of the Seventh Court of Appeals by March 7, 2024, it shall appoint a substitute reporter to complete and file the record by April 7, 2024. The trial court is directed to enter such orders necessary to ensure the timely preparation of the reporter's record and cause its findings of fact to be filed with the Clerk of the Seventh Court of Appeals by March 7, 2024. If the court reporter files the reporter's record with the Clerk of this Court before the trial court convenes any hearing to address the foregoing

2

matters, the court reporter shall notify the trial court of same, which will then relieve the trial court of performing the directives in this order.

It is so ordered.

Per Curiam